53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Robert E. RICHARDSON, Plaintiff-Appellant,
v.
Kenneth L. McGINNIS and Thomas P. Roth, Defendants-Appellees.
 No. 93-1464.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1995.*
Decided April 24, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Robert E. Richardson, a prisoner of Illinois, contends in this action under 42 U.S.C. Sec. 1983 that defendants violated his rights under the eighth and fourteenth amendments by failing to prevent an assault on him by other inmates, by returning him to the unit where the assault occurred, and by assigning him to a cell with a broken window and leaky toilet.
 
 
 2
 Richardson named two defendants: Thomas Roth, the warden of the prison, and Kenneth McGinnis, then Director of the Illinois Department of Corrections. The district court granted summary judgment in favor of Warden Roth, ruling that the evidence failed to establish that Roth possessed knowledge of the risk to Richardson, let alone that Roth deliberately exposed him to violence. See Farmer v. Brennan, 114 S.Ct. 1979 (1994). That conclusion is amply supported.
 
 
 3
 The district court's decision in favor of McGinnis is harder to accept. The court dismissed the suit under what is now Fed.R.Civ.P. 4(m) after Richardson failed to accomplish service of process within 120 days. Richardson gave a copy of the complaint and summons to the Marshals Service, which was obliged to serve it. See Sellers v. United States, 902 F.2d 598 (7th Cir.1990). On discovering that McGinnis had been replaced as Director of the Department of Corrections, the Marshals Service made no effort to learn his new address and returned the papers unserved. Despite Sellers, which holds that failure of the Marshals Service to carry out its duties is good cause for delay in service, the district court dismissed the complaint without reaching the merits.
 
 
 4
 Sellers is applicable to state as well as federal prisoners, Graham v. Satkowski, No. 94-1867 (7th Cir. Apr. 4, 1995), so the district court's disposition is in error. Of course, McGinnis may well have prevailed on the merits, just as Roth did, had service been accomplished. Richardson conceded during discovery that McGinnis had no knowledge of the events of which he complains. A potential difficulty with affirming on this ground, however, is that it calls for a result differing from the district court's: dismissal under Rule 4(m) is without prejudice, but lack of proof that the defendant knew of and intended the harm requires dismissal with prejudice. McGinnis did not take a cross-appeal, so we cannot alter the judgment to make it more favorable to him. As long as he is content with a dismissal without prejudice, we would be free to affirm that judgment even though the legal rationale supporting affirmance could support additional relief too. United States v. New York Telephone Co., 434 U.S. 159, 166 n. 8 (1977). Because McGinnis was not served, however, we do not know whether he is content with a dismissal without prejudice, which would allow Richardson to start anew in the district court.
 
 
 5
 Under the circumstances, the prudent course is to correct the district court's error and let the litigation take its natural course on remand. The district court may choose to dismiss the suit as frivolous under 28 U.S.C. Sec. 1915(d), in light of Richardson's concession that McGinnis had nothing to do with his cell assignment or the assault. We leave that and any other issues to the district court's sound discretion.
 
 
 6
 The judgment with respect to McGinnis is vacated, and the case is remanded for proceedings consistent with this order. The judgment with respect to Roth is affirmed.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record